IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | ORDER |
| | 06-cr-142-jcs |
| v. | 08-cv-151-bbc |
| LUIS EDUARDO PENA-MALDONADO, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Luis Eduardo Pena-Maldonado has filed a motion pursuant to 28 U.S.C. § 2255, in which he contends that his conviction and sentence are invalid because he was not advised of his rights under the Vienna Convention. (During Judge Shabaz's convalescence from shoulder surgery, I am handling his cases, including this one.) It is not necessary to determine whether defendant has any basis for his contention because he has waited too long to file the motion. Defendant was sentenced on December 12, 2006. He did not appeal his conviction to the court of appeals. Therefore, his conviction became "final" under 28 U.S.C. § 2255 ¶ 6(1) no later than the expiration of the 10-day period for taking a direct appeal under Fed. R. App. P. 4(b)(1)(A)(I), which was approximately December 22, 2006. Cf. Clay v. United States, 537 U.S. 522, 524 (2003) (holding that for

1

federal prisoner who takes unsuccessful direct appeal from judgment of conviction but does not petition Supreme Court for writ of certiorari, judgment becomes "final" under § 2255 with expiration of time in which prisoner could have filed writ of certiorari). Defendant filed this motion on March 18, 2008, well beyond the one year limitation period. Therefore, I conclude that defendant's motion is untimely.

ORDER

IT IS ORDERED that defendant Luis Eduardo Pena-Maldonado's motion for post conviction relief, filed pursuant to 28 U.S.C. § 2255, is DENIED as untimely.

Entered this 21st day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

2