IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                          ORDER

                Plaintiff,

                                          06-cr-142-jcs

      v.                                        08-cv-151-bbc

LUIS EDUARDO PENA-MALDONADO,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Luis Eduardo Pena-Maldonado has filed a motion pursuant to Fed. R. Civ. P. 60(b), asking for relief from the judgment entered herein on March 24, 2008, denying his motion for relief under 28 U.S.C. § 2255. He contends the court erred when it dismissed his § 2255 motion as untimely.

Rule 60(b) allows relief from judgment in certain limited circumstances: (1) mistake; (2) newly discovered evidence; (3) fraud or misrepresentation by an adverse party; (4) discovery that the judgment entered is void (such as when the court rendering the judgment lacked subject matter jurisdiction) (5) satisfaction of judgment or (6) for "any other reason justifying relief from the operation of the judgment."

Defendant contends that he qualifies under § (1). He believes that the court

1

miscalculated the time within which he was required to file his § 2255 motion. I conclude that defendant cannot prevail on his Rule 60(b) motion. The calculation of his deadline for filing his § 2255 was not in error.

In the March 21, 2008 order denying defendant's § 2255 motion as untimely, I noted that defendant's judgment of conviction had been entered on December 12, 2006, and that he had not appealed from the judgment. Citing the Supreme Court's decision in Clay v. United States, 537 U.S. 522 (2003), I concluded that defendant's conviction became final 10 days after the judgment of conviction had been entered, when defendant's opportunity to file a direct appeal expired.[1]

Defendant argues that I misread Clay. He notes that in Clay, the Supreme Court held that the defendant's conviction did not become final for the purpose of calculating § 2255's one-year limitations period until the 90-day period for filing a petition for a writ of certiorari had expired. In defendant's view, I should have first counted the 10 days from the date of the judgment of his conviction within which he had to file a direct appeal, and then added

---

[1] In the March 21, 2008 order, I stated that counting ten days from December 12, 2006, defendant's 10-day period for filing an appeal expired "approximately December 22, 2006." The precise date that defendant's time to file an appeal expired is December 27, 2006. Fed. R. App. P. 26(a) provides that in computing a deadline of less than 11 days, the date of the event or order that begins the period is excluded, as are intermediate Saturdays, Sundays and legal holidays. December 12, 2006 was a Tuesday. December 16, 17, 23 and 24 were weekend days, and December 25 was a holiday. Therefore, the ten days making up defendant's 10-day period are December 13, 14, 15, 18, 19, 20, 21, 22, 26 and 27.

another 90 days from the end of that period as time in which he could have petitioned the Supreme Court for a writ of certiorari. He suggests that under this method of calculating the limitations period, his § 2255 motion would be timely filed. Defendant's argument is unavailing.

In enacting the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress did not state explicitly when a judgment of conviction becomes final for the purpose of the limitations period established in § 2255. However, the Supreme Court's decision in Clay, 537 U.S. at 527, signals the method for determining finality. Unlike the defendant here, defendant Clay did file a direct appeal. However, he had not petitioned for a writ of certiorari in the Supreme Court following entry of the court of appeals' decision against him. The Supreme Court held that in that instance, the defendant's conviction did not became final until the 90-day time period for filing a petition for a writ of certiorari expired.

Neither the Supreme Court nor the Court of Appeals for the Seventh Circuit has addressed the question raised in this case, that is, when a defendant's judgment of conviction become final when the defendant does not take a direct appeal from his conviction. Nevertheless, at least two other circuits have considered the question. Taking their cue from Clay as this court has done, each circuit court has decided that a conviction that is not challenged on direct appeal becomes final when the time for filing a direct appeal expires.

3

Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (unappealed criminal judgment becomes final for purpose of calculating the limit for filing collateral attack when time for filing a direct appeal expired-10 business days after entry of judgment)(citing Fed. R. App .P. 4(b) and 26(a)(2)); Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004) (one-year limitation period begins to run ten days after entry of the judgment of sentence for a defendant who does not pursue a direct appeal).

In any event, it would be nonsensical to adopt defendant's logic. A federal defendant who does not take a direct appeal from his conviction cannot file a petition for a writ of certiorari in the Supreme Court. U.S. Sup. Ct. Rule 10. The 90-day limitations period for filing a petition for a writ of certiorari in a federal criminal case applies to judgments *of a United States court of appeals* only. U.S. Sup. Ct. Rule 13.

In light of the absence of precedent to the contrary, I am not persuaded that I erred in concluding that defendant's one-year limitation period from his December 12, 2006 judgment of conviction became final on December 27, 2006, the last day on which defendant could have filed a direct appeal.

4

ORDER

IT IS ORDERED that defendant Luis Eduardo Pena-Maldonado's motion for Rule 60(b) relief is DENIED.

Entered this 20th day of April, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5